## BOUGHTON v. SPEAR & PATTISON.

1. The sheriff returned on the writ "not executed, by order of the attorney,"— Held, that proof that the defendant accepted service of the writ, was sufficient evidence that he had notice that the suit was pending, and to authorize the Court to render judgment.

Error to the Circuit Court of Barbour.

Assumpsit by the defendants against the plaintiff in error, and another, as to whom the cause was discontinued. The sheriff returned on the writ, " not executed, by order of the attorney."

The judgment of the Court is, " Came the plaintiffs and discontinue as to Battle, who was not served with process, and proves acceptance by Boughton, who made default. It is therefore considered," &c.

The assignments of error are—

1. That the judgment was rendered by default without service of process.

2. That there is a variance between the note as set out in the original writ and the declaration.

Lewis, for the plaintiff in error.

Crawford, contra.

ORMOND, J.—In Rowan v. Wallace, [7th Porter, 171,] we held that a return by a sheriff on the writ, "service acknowledged," was sufficient. That case does not in principle differ from this. It is certainly as satisfactory evidence that the defendant had notice that the suit was pending, where proof is made of the fact to the Court as when the sheriff merely returns the same fact on the writ. The proof is indeed of the same quality.

Nor is there any discrepancy between the return of the sheriff and the proof thus made. The indorsement on the writ only shows that the plaintiff waived a strict execution of the

33

writ, which is entirely consistent with the acceptance by the defendant, or waiver of strict service.

If the indorsement on the writ could be looked to for the purpose of reversing a cause, it certainly cannot be taken advantage of by the defendant in this case, who was in default.

Let the judgment be affirmed.